# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORNELIUS WESLEY, ) | Case No.: 2:06-cv-00219-RLH-GWF |
| )   Plaintiff, ) | **O R D E R** |
| )   vs. ) | (Motion for Summary Judgment–#13) |
| ) LAS VEGAS METROPOLITAN POLICE ) DEPARTMENT; DOES 1 through 10, ) inclusive; DOES 11-20, inclusive, and BILL ) YOUNG, ) )   Defendants. ) _____) | |

Before the Court is Defendants' **Motion for Summary Judgment** (#13), filed January 2, 2007. Plaintiff is represented by counsel, but has filed no Opposition.

## BACKGROUND

On December 20, 2005, Plaintiff got off work and met his cousin at the Boulder Station Casino in Las Vegas, Nevada. Plaintiff's cousin had been drinking but insisted on driving to their next destination. According to Plaintiff's deposition, his cousin started "hot rodding," lost control of the vehicle and ran into a brick wall. Plaintiff's cousin fled the scene because he had outstanding warrants in Arizona. The other passengers in the car also fled the scene. Plaintiff remained with the car until the police arrived. Plaintiff presented his Arizona driver's license to

AO 72
(Rev. 8/82)

the police officers with the notice that his half-brother was using Plaintiff's name as an alias and that was going to show up on the police record because the brother was wanted for a parole violation. The officer confirmed the warrant for the brother's arrest and noted the Plaintiff's name and social security number were listed as aliases. The arresting officer was then told, via teletype conversation with Arizona authorities, to hold the Plaintiff with no bond so that he could be extradited. The police officer told Plaintiff that he would have to be taken into custody, to which the Plaintiff responded: "[F]ine, no problem." (Pl's. Dep. 30.)

On December 23, 2005, Plaintiff appeared in front of Justice of the Peace William Jansen at his 72-hour hearing. Plaintiff executed a "Written Waiver of Extradition" stating that he freely and voluntarily declared himself to be the person charged with a crime in Arizona, that he would voluntarily return to the state without the issuance of requisition papers or warrants of extradition, that the extradition might be delayed pending the resolution of any local charges, and that he would hold the Sheriff of Clark County blameless and all persons acting under him. (Ex. E.) On the same day, Plaintiff filed an Inmate Request/Grievance asking about the status of his fingerprints from Arizona, which he claimed would vindicate him. Las Vegas Metropolitan Police Department ("LVMPD") claims it never received the fingerprints, and Plaintiff has submitted nothing to contradict this. On January 2, 2006, Plaintiff was picked up by Arizona authorities and extradited to Arizona. He was released from custody in Arizona after just one night.

Plaintiff now brings a § 1983 action for violation of his Fourth and Fourteenth Amendment rights. Plaintiff also claims that the Defendants are liable under state law for assault, battery, false arrest, false imprisonment, infliction of emotional distress, and negligent hiring and supervision. For the reasons stated below, the Defendants' Motion for Summary Judgment will be granted.

////

////

2

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Shaw v. Santa Monica Bank*, 920 F. Supp. 1080, 1083-84 (9th Cir. 1996) (citations omitted).

In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir. 2002). The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991).

**I.  Plaintiff's § 1983 Claims**

_____*A. As Against Sheriff Bill Young*

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (supervisors are only liable for actions of subordinates under § 1983 when the supervisor participated in, directed, or knew of the violations and failed to act to prevent them).

1   There is no showing or specific allegation here that Sheriff Bill Young participated
2  in or knew of any constitutional violation against Plaintiff.  Thus, there is no genuine issue of
3  material fact as to liability and summary judgment is proper.
4       *B.  As Against LVMPD*
5   The Supreme Court has affirmed the reasoning that "when the police have probable
6  cause to arrest one party, and when they reasonably mistake a second party for the first party, then
7  the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802 (1971).
8   Certainly there was probable cause to arrest Plaintiff in this case.  Plaintiff was not
9  "pulled over" on "the pretext of having committed a traffic violation" as is suggested in the
10 Complaint. (¶ 6.)  Rather, Plaintiff admitted in his deposition that he allowed his drunk cousin to
11 drive, his cousin drove into a brick wall, after which the other passengers and the driver fled the
12 scene. (Pl's. Depo. 25-26.)  Upon investigating the officers found out that there was a warrant out
13 for Plaintiff's half-brother.  Plaintiff's half-brother was known to use Plaintiff's name and social
14 security number as an alias.  After communicating with Arizona officials, the LVMPD officers
15 were asked to hold Plaintiff until he could be extradited.
16  At Plaintiff's 72-hour hearing before a Justice of the Peace, Plaintiff signed a one
17 page "Written Waiver of Extradition" form that clearly stated he was admitting to be the person
18 against whom criminal proceedings had been instituted in Arizona.  Furthermore, in the document,
19 Plaintiff stated he would accompany the extraditing police officer to Arizona.  This hearing was an
20 opportunity for Plaintiff to declare on the record that he was not the person charged with crimes in
21 Arizona.
22  Plaintiff may have been kept in Las Vegas longer than expected, or the police
23 officers may have been able to more quickly understand that they had the wrong man, but any
24 liberty deprivation here certainly does not seem unreasonable in the Court's view given the facts in
25 this case, and the relatively short time it took to extradite Plaintiff after he signed the extradition
26

waiver. *See Baker v. McCollan*, 443 U.S. 137, 145-146 (1979) (no § 1983 claim for false imprisonment even though identity was mistaken).

Plaintiff has done nothing to show that there is a genuine issue of material fact as to the reasonableness of Plaintiff's arrest and later imprisonment. Rather, Plaintiff has relied solely on his pleadings, which allege no specific facts to change this Court's reasoning. Therefore, summary judgment will be granted on Plaintiff's § 1983 claims as against LVMPD.

## II.  Plaintiff's State Law Claims

Nev. Rev. Stat. § 41.032 immunizes officers, employees of the state, and any of the agencies or political subdivisions of the state arising out of the performance of discretionary functions, "whether or not the discretion involved is abused."

Because the Court finds that all of Plaintiff's state law claims arise out of discretionary functions, those claims fail because the Defendants are immune by statute.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#13) is GRANTED.

The clerk is directed to enter judgment accordingly.

Dated:  March 20, 2007.

_____
**ROGER L. HUNT
Chief United States District Judge**